LittlbtoN, Judge*
delivered the opinion of the court:
The contract involved in this suit called for and required the construction of a levee and the excavation of a drainage canal of about five miles in length on the Mississippi Eiver near New Madrid, Missouri. The pertinent portions of the contract and specifications are set forth in the findings. The contract provided that the material for the levee should be, and it was, procured from excavation of the drainage canal which was dug landward of the levee and parallel thereto. The construction of the levee necessitated excavation for the drainage canal inasmuch as existing drainage ditches *284 were cut off by tbe new levee, and without the drainage canal such ditches would not have been suitable for drainage purposes. The canal was constructed for drainage purposes from drainage ditches on the landside of the levee.
Plaintiffs insist that they were not paid for 69,569 cubic yards of material required to be excavated in constructing the levee, and that no payment was made for 2,451 cubic yards of material excavated and placed in road crossings at certain points in the levee; that the defendant erroneously and illegally failed to pay plaintiffs with respect to 5,537 cubic yards at 25 cents a cubic yard for material which had been excavated by another government contractor and placed at the site of the levee constructed by plaintiffs, and that the defendant illegally, and in violation of the contract, deducted and withheld $770 as liquidated damages for 77 days’ delay in completing the contract.
We are of the opinion that under the provisions of the contract and upon the facts disclosed and established by the record that plaintiffs are entitled to recover only on the third item of their claim.
It is unnecessary to discuss the facts in detail other than to state that as to the first item they show clearly that measurements for payment were made in accordance with the contract and specifications and that plaintiffs have received payment of the entire amount to which they were entitled under the contract. The contract and specifications are clear that plaintiffs were only entitled to be paid on the basis of the dimensions of the net levee section or the cubical content of the corresponding required canal section, whichever was greater. The record establishes that payment was made on this basis. Plaintiffs contend that they were required to excavate yardage from certain sections of the canal in excess of the dimensions of the required drainage canal section for which they claim payment. But this contention is not supported by the evidence. Plaintiffs are, therefore, not entitled to recover on the first item of the claim.
With reference to the second item of the claim for $612.75 for 2,451 cubic yards of material placed in constructing road crossings on the levee at certain stations where canal yard-, age was paid for,- plaintiffs contend that because such yardage was procured beyond the drainage canal limits and *285 payments at the points in question were confined to yardage-excavated within these limits, no payment has been made for this road crossing yardage. In making payment, the-contracting officer treated the road crossing yardage at the-points where such yardage was placed in the levee in the same manner in which he treated the levee yardage — that is,, when the- aggregate of the road crossing yardage and the net levee yardage did not exceed the yardage of the required drainage canal section, he paid for the total cubical content of the required drainage canal section. Paragraph 31 of the specifications provide that “Road crossings shall be constructed at such points and of such dimensions as may be designated by the contracting officer, and will-be paid for at the same price per cubic yard for the net cubic contents as for the levee itself.” This provision shows clearly that the road crossings were integral parts of the levee and that in determining whether payments should be made on the basis of the net levee yardage or the drainage canal yardage (paragraph 39 (g) of the specifications), the. aggregate of the net levee yardage and the road crossing yardage should be compared with the required canal drainage yardage at that section. This the contracting officer did. The evidence shows that at the points in question the aggregate of the road crossing yardage and the net levee yardage combined was less than the yardage of the applicable section of the required drainage canal and that payment was made for the canal section yardage. Plaintiffs are therefore not entitled to recover on this item.
The facts' with reference to the third item of the claim for $1,384.25 are set forth in finding 9. They show that this material iof 5,537 cubic yards was placed in the levee by Clarke Brothers Construction Company, which company, under contract with the defendant, was engaged in the excavation of two drainage ditches along the northern part of the site of the levee called for by plaintiffs’ contract. In measuring for payment to plaintiffs at this section, the defendant excluded this yardage from the dimensions of the net levee in that section and made payment to plaintiffs accordingly. We are of opinion that the defendant was without authority under-the contract with plaintiffs to make this deduction. While the plaintiffs did not excavate "and *286 place this yardage in the levee they were ready and able to do so and they protested and objected to the placing of the same in the levee by the defendant, as a result of the contract made by the defendant with Clarke Bros, after plaintiffs’ contract had been entered into. Plaintiffs made their bid for the work of excavating and placing the necessary material to construct the levee called for and were entitled under their contract to be paid the amount computed on the basis specified therein. In this respect plaintiffs were not so paid. In making their bid plaintiffs computed their profit on the entire work on the basis of the dimensions of the net levee section or the canal section, whichever was greater. By making this deduction the defendant unlawfully reduced plaintiffs’ estimated profit on the work which they agreed to and were obligated to perform. Moreover, there was no provision in plaintiffs’ contract which gave the defendant the right to place or have placed in the ievee certain of the material necessary for its construction and to deduct the yardage of such material from the measurement specified as the basis of plaintiffs’ compensation. Plaintiffs are entitled to recover the amount of $1,384.25 under this item of the claim. Although plaintiffs were paid one hundi’ed dollars by Clarke Brothers Construction Company to compensate them for the work of smoothing or levelling the material placed at the levee site by Clarke Brothers, this amount should not be deducted from the amount due by the defendant at the rate specified in plaintiffs’ contract for the reason that Clarke Brothers Construction Company piled this material in an uneven and rough condition on the site of the levee and, for that reason, it was necessary for plaintiffs, in order properly to carry on their work of completing the levee, to do work which would not have been necessary if Clarke Brothers Construction Company had not placed the material in such manner.
The last item of the claim relates to liquidated damages of $710 deducted by the defendant for 77 days’ delay in completing the contract on time at the rate of $10 a day. The facts with reference to this delay are set forth in finding 11. They show that plaintiffs are not entitled to recover. It is clearly established that the delay of plaintiffs in properly prosecuting the work caused the work to extend *287 into the normally rainy season in November and the normally high-water season during the months of December, January, February, March, and April. If plaintiffs had properly prosecuted the work, the delay beyond the contract period would not have occurred and no liquidated damages would be deductible. The delay cannot, therefore, be attributable to any of the excusable causes provided in Art. 9 of the contract.
Moreover, the plaintiffs did not comply with the provisions of Art. 9 which provide that the contractor should within ten days from the beginning of any delay notify the contracting officer in writing of the causes thereof and that the contracting officer should ascertain the facts and extent of the delay and that his findings of fact should be final and conclusive, subject only to appeal within thirty days to the head of the department whose decision on such appeal as to the facts and the delay should be final and conclusive. The contracting officer found as a. fact that the delay in completing the contract on time was the fault of plaintiffs.
Judgment will be entered in favor of plaintiffs in the amount of $1,884.25. It is so ordered.
CrREEN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.